Nov. Term, 1844.

THE STATE v. ELLIOTT.

offer to pay the money upon the surrender of the premises; and as he was not bound to make an unconditional tender, he was under no obligation to have the money in Court. Besides, the evidence showed that the defendants neither surrendered the possession, nor offered to do so, on any terms. Dougherty of course had no claim to the 100 dollars. 3. Admitting that the deed executed by Dougherty to the plaintiff, and the article of agreement executed by the plaintiff and by the defendants, constituted a mortgage between Dougherty and the plaintiff—and they certainly bear some strong features of a mortgage—still, we think the Court did right in refusing to instruct the jury that they amounted to a mortgage, and that the plaintiff could not as a mortgagee maintain this action for possession. It was not as a mortgagee, but as a landlord, that he demanded the possession. And though the two instruments taken together may amount to a mortgage between Dougherty and the plaintiff, the defeasance, if it be such, certainly creates the relation of lessor and lessees between the plaintiff and the defendants. The third instruction, therefore, was properly refused because it was not relevant to the case. And besides, it implied that the instruments referred to amounted to nothing but a mortgage, and should not for that reason have been given.

Per Curiam.—The judgment is affirmed with costs.

J. Collins, W. Quarles, and J. H. Bradley, for the appellants.

H. P. Thornton, for the appellee.

---

THE STATE v. ELLIOTT.—In error.

Friday, November 29.

IN an indictment for an assault and battery, it is unnecessary to allege that the person beaten was in the peace of the state; 3 Chitt. C. L. 821, n. c.; nor are the words "force and arms" necessary in the description of the offence. 1 id. 241.